RECEIVED
OCT 31 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| QUALITY CONSTRUCTION & PRODUCTION, L.L.C. | CIVIL ACTION NO. 08-1128 |
| VERSUS | JUDGE MELANÇON |
| THE GRAY INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are plaintiff's Motion to Remand [Rec. Doc. 5], defendant's Memorandum in Opposition to Remand [Rec. Doc. 11], and plaintiff's Response to defendant's Opposition [Rec. Doc. 17]. Also before the Court are defendant's Motion for Summary Judgment [Rec. Doc. 13], plaintiff's Opposition to defendant's Motion [Rec. Doc. 19], and defendant's Response to plaintiff's Opposition [Rec. Doc. 21]. For the reasons that follow, the Court will **GRANT** plaintiff's Motion to Remand [Rec. Doc. 5] and **DENY AS MOOT** defendant's Motion for Summary Judgment [Rec. Doc. 13].

## I. BACKGROUND

On or about January 1, 2006, Cody Vice ("Vice"), an employee of Quality Construction & Production, L.L.C. ("QCP" or "plaintiff"), was injured in an accident while working aboard a platform in the Gulf of Mexico. As a result of the accident Vice filed suit against several parties including Lowe Offshore International ("Lowe"). Prior to the accident, plaintiff and Lowe had entered into an indemnification agreement whereby plaintiff agreed to indemnify Lowe from personal injury claims

by QCP employees including Vice.  Pursuant to that agreement, Lowe made demand upon QCP for indemnification.

QCP held a policy of insurance from The Gray Insurance Company ("Gray" or "defendant").  Pursuant to that policy, Gray assumed the defense of QCP on the issue of indemnification.  Gray, however, refused to assume Lowe's defense in the Vice case and, thereafter, Lowe demanded arbitration on the issue. Lowe ultimately prevailed at arbitration and Gray, on behalf of QCP, appealed this decision to the United States District Court for the Southern District of Texas, which affirmed the arbitrator's ruling.[1]  Upon issuance of the Court ruling, Gray paid the indemnity obligation owed to Lowe.

While waiting for the resolution of the indemnification issue, QCP attended and participated in an arbitration of the Vice case and contributed $25,000 towards the settlement fund.  After the Vice case was settled and the indemnification issue resolved, QCP made demand on Gray for reimbursement of the $25,000 contributed to the settlement fund. Gray refused.  QCP filed suit in the 15th Judicial District Court in and for the Parish of Lafayette, State of Louisiana, seeking reimbursement for the $25,000 paid, damages for a bad faith violation of Gray's contractual duties pursuant to the Louisiana Insurance Code, penalties pursuant to Louisiana Revised Statute §22:1220, and reasonable attorney fees.

---

[1] The District Court's ruling was appealed to the United States Fifth Circuit Court of Appeal, but that appeal was dismissed upon *appellees'* motion.

2

Gray timely filed its Notice of Removal with this Court on August 5, 2008. QCP filed a Motion to Remand [Rec. Doc. 5], opposed by Gray, on August 21, 2008, and Gray filed a Motion for Summary Judgment [Rec. Doc. 13] on September 15, 2008, opposed by QCP, seeking dismissal of plaintiff's claims.

## II. LAW & ANALYSIS

A.  *Remand*

Defendant removed this case on the basis of federal question jurisdiction. Generally, "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [. . .] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441. United States District Courts "... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 2001). Defendant argues that it has meet this burden and that this matter satisfies the jurisdictional requirement because it necessarily involves resolution of a substantial question of federal law – specifically whether the Outer Continental Shelf Lands Act ("OCSLA") applies in this case. In response, plaintiff argues that this matter involves only Louisiana state law and the interpretation of a general liability insurance contract and thus should be remanded.

3

Here, the record reveals that the question of whether the OCSLA applies has already been resolved in the Vice matter during arbitration and was subsequently confirmed by the United States District Court for the Southern District of Texas. *See Lowe Offshore Intern., Ltd. v. Quality Constr. & Production, LCC*, 2007 WL 2818275 (S.D. Tex. 9/25/07).[2] At the time of the award and affirmation, Gray had assumed the defense of QCP. As a federal district court has already ruled on this exact issue in a collateral proceeding, this matter cannot now seriously be in dispute in this case. Accordingly, Gray's sole stated basis of federal jurisdiction is without merit.

Gray offers no other basis for federal jurisdiction in this case. Further, a review of the plaintiff's complaint reveals that resolution of this matter necessarily turns solely on the interpretation of a general liability insurance contract – a matter of state law. As defendant has failed to come forth with any meritorious basis for the exercise of jurisdiction, this Court must remand this case to the state court. *See* 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

B. *Motion for Summary Judgment*

Having determined that the Court lacks jurisdiction in this case, the Court will deny the defendant's Motion for Summary Judgment [Rec. Doc. 13] as moot.

---

[2] In his Memorandum and Order, Judge Ewing Werein of the Southern District of Texas affirmed the arbitrator's award and went further than required by noting that the award "comports with [. . .] the governing law."

4

## III. CONCLUSION

The issue which defendant alleges confers jurisdiction has already been adjudicated by a federal district court. That Court found that defendant's position lacked merit and this Court will not allow the defendant a second bite at the apple on the same issue. Having no other basis to exercise jurisdiction, the Court will **GRANT** plaintiff's Motion to Remand [Rec. Doc. 5] and **DENY AS MOOT** defendant's Motion for Summary Judgment [Rec. Doc. 13]